make findings, and receive further evidence, if necessary, on the issues raised by this argument, as to which we express no view on the merits. If, as the Government claims, appellant was properly proceeded against in a criminal prosecution, the judgment of conviction should not be disturbed, and appellant will have the right to appeal again on issue (2) above, if he so desires. If the prosecution was not properly instituted, the district court shall take whatever corrective steps it regards as appropriate.

Affirmed in part; remanded in part in accordance with the above.

Dennis J. Lanahan, Jr., Jacksonville, Fla., court appointed for defendant-appellant.

John L. Briggs, U. S. Atty., Rudy Hernandez, Aaron K. Bordin, Asst. U. S. Attys., Jacksonville, Fla., Ronald H. Watson, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Garland MARSHALL, Defendant-Appellant.**

No. 31025
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 14, 1971.

**Claudine G. BIGER, Administratrix Ad Prosequendum of the Estate of Pierre J. Biger, and Claudine G. Biger, General Administratrix of the Goods, Chattels, Rights and Credits of the Estate of Pierre J. Biger, Appellant,**

v.

**MONMOUTH PARK JOCKEY CLUB, a Corporation of New Jersey, et al.**

No. 19237.

United States Court of Appeals,
Third Circuit.

Argued April 23, 1971.

Decided April 30, 1971.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.